39774. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 506.

PER CURIAM.

A complaint was filed with the Judicial Qualifications Commission charging Judge John H. Land, of the Muscogee Superior Court, with five major violations of the Code of Judicial Conduct (Code Ann. Title 24 Appen. A). After an extensive hearing the Commission found that charges one, two and five were not violations but a majority found that charges three and four were violations.

Regarding charge three, the Commission found as follows: "(3) A factual situation as to whether Judge Land publicly stated on a motion to disqualify himself in the case of American Family Corporation vs. Henson, which was held on June 20, 1978, that he (Judge Land) would not believe Henson on his oath; that he had lost respect for him; had little or no regard for him or his ethical conduct or his intellectual honesty.

"It is the finding of the Commission that the conduct stated in paragraph 3 was a violation of Canons 2 and 3. Canon 2 stated that a Judge should conduct himself at all times in a manner that provides public confidence in the integrity and impartiality of the judiciary. Canon 3 provides that a Judge should perform his duties impartially and diligently and Canon 3 (a)(3) states that a Judge should be patient, dignified and courteous in dealing with people in his official capacity.

"It is the majority opinion (4 to 2) of this Commission that such conduct violated the Canons of judicial ethics."

Regarding charge four, the Commission found as follows: "(4) The question of whether Judge Land refused to disqualify himself at a time when he would not believe Henson on his oath and the other matter stated in Division 3 was found to be true and it was the unanimous opinion of this Commission that such conduct violated the Canons. Canon 3(C)(1)(a) states that a Judge should disqualify

himself in a proceeding in which his impartiality might reasonably be questioned."

Based upon these findings, the Commission recommended to the Supreme Court of Georgia that Judge John H. Land be suspended from office as Judge of the Superior Court of Muscogee Judicial Circuit, Muscogee County, Georgia for a period of sixty days, and that he not be permitted to physically occupy or enter his office during this period of suspension. The commission further recommended that such suspension be without pay and that he also be reprimanded by the Supreme Court of the State of Georgia.

The record of the hearing in this matter supports the finding of the Commission on charges three and four.

It is therefore ordered that effective April 1, 1983, Judge John H. Land be suspended from office without pay for a period of sixty (60) days and that during this period he physically remain away from his chambers. As to the public reprimand, this court feels that this would be in effect two penalties in one and therefore we decline to follow the Commission's recommendation.

*All the Justices concur, except Gregory, J., disqualified.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 30, 1983.

*Robert E. Hall,* for Judicial Qualifications Commission.

*John W. Denney, Harry Dicus, Howell Hollis, Champion & Champion, Forrest L. Champion, Jr., Bowles & Bowles, Jesse G. Bowles, Thompson & Redmond, Roscoe Thompson,* for Land.